## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | |
|---|---|
| **KEITH HAZELWOOD,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:19-CV-105-RGJ |
| | ) |
| **S SERVICE, LLC, et al.,** | ) |
| | ) |
| **DEFENDANTS.** | ) |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendants Reynolds Manufacturing, Inc., Reynolds Consumer Products, LLC, and Pactiv, LLC ("Defendants"), by counsel, hereby file this Notice of Removal to the United States District Court for the Western District of Kentucky, at Louisville, and state as follows:

1.  On January 10, 2019, Plaintiff Keith Hazelwood ("Plaintiff") filed a Complaint in Jefferson Circuit Court, Division Ten, Jefferson County, Kentucky, styled *Keith Hazelwood v. S Service, LLC, et al.*, Civil Action No. 19-CI-000185. Copies of all process, pleadings, and orders that have been filed in the Jefferson Circuit Court are attached hereto as **Exhibit A**.

2.  As grounds for removal, Defendants state this is an action over which this Court has original federal question jurisdiction under 28 U.S.C. § 1331, inasmuch as the Complaint asserts state law claims that raise significant federal issues. (Compl., ¶¶ 25–29). Specifically, Plaintiff's negligence *per se* claim is predicated upon the allegation that the manner in which Defendants secured the cargo in Plaintiff's semi-trailer violated, *inter alia*, 49 CFR § 393. (*Id.* at ¶¶ 14, 25–29). *See Grable & Sons Metal Prods. v. Darue Eng'g*, 545 U.S. 308 (2005).

3. In addition to the negligence *per se* claim that raises a significant federal question, Plaintiff further alleges a state law negligence claim. (Compl., ¶¶ 20–24). This Court possesses supplemental jurisdiction over the remaining state law claim under 28 U.S.C. § 1367. That state law claim is so related to the claim over which the Court holds federal question jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

4. As further grounds for removal, this Court also has original diversity jurisdiction over this matter under 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and the properly named and aligned Defendants are now, and were at the time this action was filed, of different citizenship from the properly named and aligned Plaintiff, and are not residents of the Commonwealth of Kentucky. This action is between citizens of different states for the reasons outlined below.

5. The proper party and sole Plaintiff to this action is Keith Hazelwood, an individual and citizen of the Commonwealth of Kentucky. (Compl., ¶ 1).

6. The proper Defendants to this action, as far as removal is concerned, include S Service, LLC, Reynolds Manufacturing, Inc., Reynolds Consumer Products, LLC, and Pactiv, LLC, none of which are citizens of Kentucky for purposes of 28 U.S.C. §§ 1332 & 1441. (Compl., ¶¶ 2–5). Thus, complete diversity exists between the properly named and aligned parties.

7. Whittenberg Properties, LLC ("Whittenberg") is also a named defendant in this action. Plaintiff's Complaint alleges that, upon information and belief, Whittenberg is a limited liability company organized in Kentucky with its members residing in Kentucky. (*Id.* at ¶ 6). Pursuant to the doctrine of fraudulent joinder, Whittenberg should be dismissed from this action.

8.  Fraudulent joinder is "a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). The Sixth Circuit has held that the doctrine of fraudulent joinder is implicated in three situations: (1) where there is no colorable basis for a claim against the non-diverse defendant; (2) when a plaintiff engages in outright fraud in pleading jurisdiction allegations; or (3) when a plaintiff joins a defendant who does not share joint, several, or alternative liability with a diverse defendant, nor a nexus of connectivity between the claims. *See Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 548 (E.D. Ky. 2001) (citing *Jerome-Duncan, Inc. v. Auto-by-Tel, LLC*, 176 F.3d 904 (6th Cir. 1999)).

9.  Whittenberg has been fraudulently joined because Plaintiff cannot assert a colorable claim against it. At bottom, Plaintiff seeks to hold some combination of the Defendants liable because he was allegedly injured when cargo fell on him as he attempted to unload his semi-trailer at a "Reynolds Wrap Center" in Louisville, Kentucky. (*Id.* at ¶¶ 10–14). The ***only*** relationship between Whittenberg and this cause of action is that Whittenberg passively owns the land on which Defendants run their operations.

10. Plaintiff cannot sustain a negligence claim against Whittenberg. Plaintiff's negligence claim is based on the alleged negligence of securing cargo on a semi-trailer—an action that Whittenberg has no remote connection to. (Compl., ¶¶ 10–24). Since Plaintiff has not alleged a contractual relationship or statute that gives rise to a duty of care, Plaintiff must establish that Whittenberg owed him a duty under the common law. *See Christensen v. ATS, Inc.*, 24 F. Supp. 3d 610, 616 (E.D. Ky. 2014). In *Christensen,* this Court's sister court held, under an oddly similar set of facts, that in order to state a colorable cause of action for negligence against

a passive landowner such as Whittenberg here, Plaintiff must at least "suggest that [Whittenberg] had the ability to exercise control over [Plaintiff] while he waited on its premises, such that it assumed a duty for the condition of his vehicle." *Id.* Plaintiff has alleged no such control. Whittenberg did not, and had no ability to, exert any control over Plaintiff or the semi-trailer. Rather, it merely leases the land upon which his semi-trailer was sitting when the alleged incident occurred.[1] Since Plaintiff is unable to prove control, no reasonable common law duty of care exists. *Id.*

11.     Plaintiff also cannot sustain a negligence *per se* claim against Whittenberg. This claim is based on alleged violations of the Federal Motor Carrier Safety Regulations and Kentucky's state law equivalent. (Compl., ¶¶ 25–29). In Kentucky, a "negligence *per se* claim is merely a negligence claim with a statutory standard of care substituted for the common law standard of care." *Christensen*, 24 F. Supp. 3d at 613 (internal quotations omitted). The federal and state regulations cited by Plaintiff apply to motor carriers—a defined term.[2] Whittenberg is not a motor carrier and thus, undertook no statutory duty to Plaintiff under the cited regulations. Moreover, the alleged violation of the regulations arises from the loading of and failing to properly secure the cargo—again, an act that Whittenberg had no role in. "Without any reason to believe that [Whittenberg] violated [49 C.F.R. § 393 or 601 KAR 1:005 Section 2], the plaintiff has no glimmer of hope that [his] claim against [Whittenberg] for negligence *per se* might succeed." *Christensen*, 24 F. Supp. 3d at 615.

---

[1] If the alleged unsecured cargo had fallen on Plaintiff while he checked his load on the side of the highway, would the government be a proper defendant?

[2] A motor carrier means a person engaged in the transportation of goods or passengers for compensation. 49 C.F.R. 390.5; 601 KAR 1:005 Section 2.

12. Furthermore, because Whittenberg did not assist, oversee, nor have any connection with the securing of the cargo and therefore could not have committed the alleged wrongdoings pleaded in Plaintiff's Complaint, it also cannot share joint, several, or alternative liability with Defendants. There is simply no connectivity between Whittenberg and Plaintiff's claims.

13. Aside from listing Whittenberg as a party, Plaintiff fails to support his negligence claims with any facts specific to Whittenberg. There are no allegations of actions or omissions to act attributable to Whittenberg as the landlord that might render it negligent as to the securement of cargo in Plaintiff's semi-trailer. *See Salisbury*, 166 F. Supp. 2d at 549 ("Ordinarily, the question of fraudulent joinder would require that the Court inspect each of plaintiffs' theories of relief, determining under each count whether plaintiffs state a colorable cause of action under state law. In the context of the instant suit, however, this is unnecessary, as plaintiffs' complaint—at least with respect to the (non-diverse) pharmacy defendants—suffers from a fatal flaw. That flaw is the omission of any averment to the effect that defendant pharmacies sold or supplied OxyContin *to plaintiffs.*") (emphasis in original).

14. Without a colorable claim to assert against Whittenberg, its joinder is improper and "the Court may therefore ignore [its] citizenship for purposes of its diversity analysis." *Higgs v. Golden Gate Nat'l Senior Care, LLC, et al.*, Civil Action No. 3:17-cv-00192-CRS, 2017 WL 3485048, *3 (W.D. Ky. Aug. 14, 2017); *Christensen*, 24 F. Supp. 3d at 613 ("Under the doctrine of fraudulent joinder, federal courts may sever a non-diverse defendant from the case if the claim against him is so frivolous that its only conceivable purpose is to destroy diversity and prevent removal.")

15. Defendants did not have to request consent for removal from Whittenberg. 28 U.S.C. § 1446(b)(2) "requires the consent of *properly* joined defendants; the consent of a defendant that has been *fraudulently* joined is not necessary." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (citation omitted) (emphasis in original). Because there is no colorable cause of action against Whittenberg, its consent is not required for removal. *See id.*

16. The Complaint does not state a specific amount as to the total damages claimed. For purposes of removal only,[3] the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, based upon Plaintiff's aggregated claims and alleged damages, which include compensatory and punitive damages, as well as attorney's fees. (Compl., p. 7). Specifically, Plaintiff seeks "[c]ompensatory damages to the extent determined by a trier of fact, including compensation for past and future medical expenses, past and future pain and suffering, lost earnings, and impaired ability to labor and earn money in the future" in addition to punitive damages, attorney's fees, and his costs expended herein. (*Id.*)

17. The Civil Summons and Complaint was received by Defendants on or about January 15, 2019. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been filed within thirty (30) days of receipt of the initial pleading through service, and therefore, this civil action is timely removed. Plaintiff is estopped from seeking remand of this matter on this basis.

18. S Service, LLC, the only other defendant who has been properly joined and served, consents to the removal of this action as required by 28 U.S.C. § 1446(b)(2)(A).

---

[3] Defendants dispute Plaintiff's claim for damages.

19. Accordingly, this civil action is properly subject to removal and hereby is removed to the United States District Court for the Western District of Kentucky, at Louisville, pursuant to 28 U.S.C. §§ 1441 and 1446.

20. Defendants will provide Plaintiff with a copy of this Notice of Removal and file a Notice of Filing Notice of Removal with the Clerk for the Jefferson Circuit Court.

21. This Notice of Removal is signed by counsel for and on behalf of Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure.

22. Defendants reserve the right to object and assert affirmative defenses, including, but not limited to, lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.

**WHEREFORE**, Defendants hereby give notice of this removal from the Jefferson Circuit Court to the United States District Court for the Western District of Kentucky, at Louisville, pursuant to 28 U.S.C. § 1441(a).

Respectfully submitted,

WYATT, TARRANT & COMBS, LLP

*/s/ Jordan M. White*
C. Tyson Gorman
tgorman@wyattfirm.com
Jordan M. White
jwhite@wyattfirm.com
500 West Jefferson Street, Suite 2800
Louisville, KY 40202
502.589.5235

*Counsel for Defendants*

*/s/ Charles A. Walker*
Charles A. Walker
SEWELL & NEAL, PLLC
220 West Main Street, Suite 1800
Louisville, KY 40202
cwalker@sonlegal.com

*Counsel for Consenting Defendant*
*S Service, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 12th day of February, 2019 I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record. I further certify that on this same day, I sent a copy of the foregoing via U.S. mail to the following:

Brenton D. Stanley
Morgan & Morgan
420 West Liberty Street Suite 260
Louisville, KY 40202
bstanley@forthepeople.com

*/s/ Jordan M. White*
Jordan M. White

61738309.1